UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILDRED MAZGAJ, MARIAN ANTHONY,<br><br>        Plaintiffs,<br><br>v.<br><br>CORINA GALVEZ a/k/a CORINA ANTHONY et al.,<br><br>        Defendants. | Case No.: 3:24-cv-00776-JAH-AHG<br><br>**ORDER:**<br>**1) GRANTING DEFENDANT'S MOTION TO DISMISS;**<br><br>**2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADINGS**<br><br>**[ECF Nos. 16, 18]** |

## **INTRODUCTION**

Pending before the Court is Defendants Corina Anthony, Issac Galvez, Ceceila Leon, and Gabriella Galvez-Reyna's (collectively, "Defendants") Motion to Dismiss Plaintiffs Mildred Mazgaj and Marian Anthony's (collectively, "Plaintiffs") First Amended Complaint (ECF No. 10, "FAC"). ECF No. 16 ("Motion"). Plaintiffs, proceeding *pro se*, opposed the Motion. ECF No. 17. Defendants, also proceeding *pro se*, did not reply.

Also pending before the Court is Plaintiffs' Motion for Leave to File Supplemental Pleadings Based on Newly Discovered Evidence of Fraud and Conspiracy of the Social

1

Security Administration, Including Money Laundering, Bank Fraud, Wire Fraud, Forgery, and Perjury. ECF No. 18 ("Supp. Motion"). After a thorough review of the record, and for the reasons described below, the Court **GRANTS** Defendants' Motion and **DENIES** Plaintiffs' Supp. Motion.

## **BACKGROUND**

This lawsuit is one of several originating from a family court matter previously litigated in San Diego Superior Court, *Marian Anthony v. Corina Galvez*, Case No. 19FL005322N (filed May 2, 2019) ("State Court Matter"). Related cases include, in part: *Anthony v. Segura*, Case No. 3:24-cv-00458-BAS-SBC, 2024 WL 3315996 (S.D. Cal. July 3, 2024) (where Plaintiff Anthony unsuccessfully sued Superior Court Judge Daniel Segura, who presided over the State Court Matter); *Mazgaj v. Charles*, Case No. 3:24-cv-00777-JAH-MSB, 2025 WL 605049 (S.D. Cal. Feb. 25, 2025) (where Plaintiffs unsuccessfully sued an adverse witness from the State Court Matter); *Anthony v. Stephen*, Case No. 3:25-cv-01550-DMS-BLM, 2025 WL 2971653 (S.D. Cal. Oct. 21, 2025), *appeal dismissed*, No. 25-7249, 2026 WL 442393 (9th Cir. Jan. 27, 2026) (where Plaintiff Anthony unsuccessfully sued an adverse witness from the State Court Matter); and *Anthony v. Roberts*, Case No. 3:25-cv-2486-CAB-AHG, 2025 WL 3456470 (S.D. Cal. Dec. 1, 2025), *appeal docketed*, No. 25-7928 (9th Cir. Dec. 18, 2025) (where Plaintiff Anthony unsuccessfully sued two Superior Court judges stemming from the State Court Matter).

On May 1, 2024, Plaintiffs initially filed this lawsuit against Defendants asserting various causes of action. ECF No. 1. On February 27, 2025, the Court granted without prejudice Defendants' motion to dismiss the complaint for Plaintiffs' failure to comply with Federal Rules of Civil Procedure ("FRCP") Rule 8. ECF No. 9 ("Prior Order"). The Court cautioned Plaintiffs that any amended complaint "must be complete by itself, comply with the [FRCP]," and "failure to do so will result in the dismissal of this action with prejudice." *Id.* at 10. On March 14, 2025, Plaintiffs filed a FAC. ECF No. 10.

In their FAC, Plaintiffs allege both criminal and civil violations by Defendants. Plaintiffs allege the following federal criminal violations under 18 U.S.C.: § 1951 (Hobbs

Act); §§ 1030, 1033, 1341, 1343, 1344, 1546 (criminal fraud); §§ 1001, 1014, 1621 (false statements and perjury); §§ 875, 876 (interstate communications); § 2261A (stalking); §§ 1201(c), 1204 (conspiracy to kidnap and kidnapping); § 1589 (forced labor); § 1038 (false information and hoaxes); § 1519 (obstruction of justice); §§ 241, 242 (conspiracy against and deprivation of rights); § 1512 (witness tampering); § 1956 (money laundering); § 2314 (transportation of stolen goods). *See* FAC at 9, 21-45. Plaintiffs also allege 8 U.S.C. § 1325(c) (illegal immigration marriage fraud), 26 U.S.C. § 7201 (tax evasion), 31 U.S.C. § 3729 (False Claims Act), as well as various California and Arizona state criminal violations. *Id.* at 39, 42-45. Lastly, Plaintiffs allege a civil violation under 42 U.S.C. § 1983 for deprivation of constitutional rights. *Id.* at 35.

In its Prior Order, the Court detailed Plaintiffs' factual allegations stemming from the State Court Matter. *See* ECF No. 9 at 2-6. In the FAC, Plaintiffs additionally allege that Defendant Anthony is a Mexican-born citizen who "falsified her immigration status to create a fraudulent marriage contract." FAC at 7. As a result, Plaintiffs allege that diversity jurisdiction exists because the parties are from different countries and the amount in controversy exceeds $75,000. *Id.* at 9.

## LEGAL STANDARD

Federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Jurisdiction must "be established as a threshold matter" before reaching the merits of any dispute. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-95 (1998). FRCP 12(b)(1) allows a party to challenge a pleading for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Plaintiffs in federal court must have standing to satisfy the "case or controversy" requirement under Article III of the Constitution. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir. 2000) (citation omitted); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To have standing, plaintiffs must establish three elements: "(1) that plaintiffs had suffered an injury in fact that was concrete and particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged conduct; and (3) that the injury was likely

to be redressed by a favorable court decision." *Levine v. Vilsack*, 587 F.3d 986, 991-92 (9th Cir. 2009) (citations omitted). Absent standing, a district court lacks subject matter jurisdiction over the suit. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted).

## DISCUSSION

Defendants argue that Plaintiffs' FAC should be dismissed for several reasons, including FRCP Rule 12(b)(1) for lack of subject matter jurisdiction and lack of standing, Rule 8 for improper pleading, and Rule 12(b)(6) for failure to state a claim. Mot. at 5-8. As discussed below, because Plaintiffs cannot establish standing, the Court need not conduct a Rule 12(b)(6) analysis to address the factual sufficiency of the FAC claims.

### I.     Subject Matter Jurisdiction

Plaintiffs primarily allege federal and state criminal violations against Defendants throughout the FAC. "These criminal provisions, however, provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Retanan v. Cal. Dep't of Corr. & Rehab.*, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) ("it is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual"); *Anthony*, 2025 WL 2971653 at *2 ("[18 U.S.C.] statutes do not provide a private right of action"). Therefore, Plaintiffs lack standing to assert claims under any of the criminal codes mentioned in the FAC. Accordingly, to the extent Plaintiffs attempt to use criminal statutes as causes of action, Plaintiffs' FAC is **DISMISSED**.

Plaintiffs allege one civil cause of action under 42 U.S.C. § 1983 for deprivation of constitutional rights. FAC at 35. To state a § 1983 claim, Plaintiffs must show that "a person acting under the color of State Law" deprived them of a constitutional or federal statutory right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiffs fail to show that they suffered an "injury in fact" that is "fairly traceable" to

Defendants' conduct because none of the Defendants are acting on behalf of the state. *See Levine*, 587 F.3d at 991-92. To drive the point further, Plaintiffs cannot allege a § 1983 claim while simultaneously asserting that Defendants "are not U.S. [c]itizens and are believed to be illegal aliens." FAC at 7. Therefore, Plaintiffs lack standing to assert a § 1983 claim against Defendants. Accordingly, Plaintiffs civil cause of action asserted in the FAC is **DISMISSED**.

In addition, Plaintiffs filed a Supp. Motion "to incorporate newly discovered evidence of fraud and conspiracy by the Galvez family, collectively, against the United States government." Supp. Motion at 6. The alleged newly discovered evidence is in support of Plaintiffs' allegations under 18 U.S.C. §§ 1343, 1344, 1956, and 1962. *Id.* at 6-8. Plaintiffs do not have standing to sue under these criminal provisions. *Aldabe*, 616 F.2d at 1092. Therefore, Plaintiffs' Supp. Motion is **DENIED**.

## II. Improper Pleading

Although Plaintiffs' causes of action are dismissed for lack of subject matter jurisdiction, the Court chooses to address Defendants' alternative argument that the FAC did not comply with FRCP Rule 8 "for failure to make a short and plain statement that informs all defendants of the claims against them." Mot. at 2; *See* Fed. R. Civ. P. 8; *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (Rule 8 requires "each averment of a pleading [to] be simple, concise, and direct"). The pleadings of plaintiffs who proceed *pro se* are "to be liberally construed" and "must be held to less stringent standards . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In its Prior Order, the Court noted that "Plaintiffs present their claims in a lengthy and fractured narrative" and "Plaintiffs fail to make it clear which claims are asserted against which Defendants." Prior Order at 8-9. Stated differently, "the narrative, interruptive, and repetitive structure does not simply, concisely, and directly put defendants on notice of Plaintiffs' claims. *Id.* at 9.

3:24-cv-00776-JAH-AHG

The FAC fails in similar ways.  The most glaring example of Plaintiffs' failure to comply with Rule 8 occurs in "Cause of Action Ten."  *See* FAC at 34-37.  Over the course of four pages, Plaintiffs tell a lengthy and confusing tale regarding a series of events that alleges excessive force by police, attempted murder, and multiple thefts of Plaintiff Anthony's property.  *Id.*  Within "Cause of Action Ten," Plaintiffs allege four criminal violations under 18 U.S.C. and one civil violation under 42 U.S.C., all without specifying which Defendants are responsible for which allegations.  *Id.*  Further, it appears that Plaintiffs attempts to levy criminal allegations against unnamed defendants.  *Id.*

The FAC, like the original complaint, is not "simple, concise, and direct."  *McHenry*, 84 F.3d at 1177.  Therefore, the Court finds that the FAC fails to comply with Rule 8 and violates the Court's Prior Order.  ECF No. 9 at 10 (cautioning Plaintiffs that any amended complaint must comply with the FRCP and "fail[ing] to do so will result in the dismissal of this action with prejudice").

### III.    Dismissal With Prejudice

Finally, the Court must determine whether this action should be dismissed with or without prejudice.  Rule 41(b) allows district courts to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the FRCP] or a court order," and the dismissal "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  "Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy . . . ."  *McHenry*, 84 F.3d at 1178.  "The district judge should first consider less drastic alternatives, but 'need not exhaust them all before finally dismissing a case.'"  *Id.* (quoting *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971).  Of note, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation marks and citation omitted).

Three factors, considered together, inform the Court's decision.  First, as discussed *supra* § II, Plaintiffs violated the Court's Prior Order when the FAC failed to comply with

Rule 8 pleading standards.  This is despite the Court warning Plaintiffs as to consequences for failure to comply.  Prior Order at 10.

Next, as discussed *supra* § I, Plaintiffs lack standing to sue Defendants on the alleged causes of action.  Courts have found dismissal with prejudice appropriate where "it is plainly unlikely that the plaintiff will be able to cure the standing problem." *Fieldturf, Inc. v. Sw. Recreational Industries, Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) (internal quotation marks and citation omitted).  Private citizens do not have standing to bring criminal charges, *Retanan*, 2012 WL 1833888, at *5, and criminal provisions provide no basis for civil liability.  *Aldabe*, 616 F.2d at 1092.  Further, individuals cannot pursue § 1983 civil liability against a person not acting under the color of state law.  *See Long*, 442 F.3d at 1185.  Therefore, it is "plainly unlikely" that Plaintiffs can cure their standing problem as related to Defendants.  *Fieldturf, Inc.*, 357 F.3d at 1269.

Lastly, the Court's view remains unchanged that "this is a case of disappointed state court litigant[s] who ha[ve] brought multiple lawsuits in federal court 'as an expression of hurt feelings and dissatisfaction with the results in the state tribunals.'"  Prior Order at 9-10 (quoting *Shakespeare v. Wilson*, 40 F.R.D. 500, 504 (S.D. Cal. 1966).  The State Court Matter from which this case originates has now been fully litigated in California state court.  *Marian Anthony v. Corina Galvez*, Case No. 19FL005322N, was filed on May 2, 2019.  The Superior Court issued its Findings and Order After Hearing (FOAH) on May 21, 2024.  The Cal. 4th Appellate District Division I affirmed the FOAH on August 11, 2025 (Case No. D083483).  The Cal. Supreme Court denied the petition for review on November 12, 2025 (Case No. S292952).  The case was closed on December 2, 2025.

In sum, this case originates from the State Court Matter that has since been fully resolved.  Plaintiffs have failed multiple times to abide by Rule 8 pleading standards, and even if the FAC was properly pled according to the FRCP, Plaintiffs lack standing to sue Defendants based on the causes of action alleged.  Therefore, the Court finds dismissal under Rule 41(b) appropriate, and Plaintiffs' FAC is **DISMISSED with prejudice**.

//

3:24-cv-00776-JAH-AHG

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1) Defendants' Motion to Dismiss is **GRANTED with prejudice**;

2) Plaintiffs' Motion for Leave to File Supplemental Pleadings is **DENIED**; and

3) The Clerk of Court is instructed to close the case.


**IT IS SO ORDERED.**


Dated:  March 23, 2026

_____
Hon. John A. Houston
United States District Judge

3:24-cv-00776-JAH-AHG